CLARENCE E. McMANUS, Judge.

J¿STATEMENT OF THE CASE

On October 7, 2004, Plaintiffs, Troy Riedlinger, Rene LeBlanc, and Automobile Club International Insurance Exchange filed a Petition to Annul Judgment naming Lori Davis, individually and on behalf of her minor child, Ireiane Davis. By that petition, plaintiffs requested that a March 5, 2003 judgment against them and in favor of Davis be annulled, vacated, and set aside. The judgment was in response to a Motion for Confirmation of Default Judgment, which was heard on February 12, 2003.
On April 5, 1999, Davis, individually and on her child’s behalf, filed a Petition for Damages against Riedlinger, LeBlanc, and Automobile Club Ins. Co. seeking damages arising out of an automobile accident which occurred on April 13, 1998. The trial judge in that matter signed an order for a preliminary default |safter a Motion for Default Judgment was filed by Davis on January 19, 2000. A second Motion for Default was filed on November 22, 2002 again requesting a preliminary default, but this time alleging that service of citation had been made on Riedlinger and Automobile Club Insurance. The Motion for Confirmation of Default Judgment was heard on February 12, 2003 and the trial court awarded all costs of these proceedings, plus damages. The trial court awarded $12,000.00 to Davis, $6,000.00 to Ireiane Davis, $600.00 in lost wages, $4,200.00 in medical expenses and $1,618.00 in property damages.
In the Petition to Annul Judgment, Riedlinger, LeBlanc and Automobile Club Insurance argue they were not validly served with the original petition, nor notified of the Motions for Default Judgment or the Motion for Confirmation of Default Judgment.
The Petition to Annul Judgment also contends that there is insufficient evidence that either ACHE, or Automobile Club Insurance Company of Missouri issued an automobile liability policy that covers the claims brought by Davis because there is no original or copy of any insurance policy and no evidence that either Riedlinger or LeBlanc is an insured under any policy. Further, the petition alleges that there is no prima facie evidence that Davis has the procedural capacity to bring suit on behalf of her minor child. They allege that under La. C.C.P. art. 683, the proper party to bring a suit on behalf of an unemancipated minor is the father, if the parents are divorced or judicially separated, unless the father is mentally incompetent, committed, interdicted, imprisoned, or an absentee. The original petition does not reflect that Davis had the procedural capacity to bring any action on behalf of the minor.
Riedlinger, LeBlanc and ACHE contend that the March 5, 2003 judgment should be annulled, vacated, and set aside because *769 they were not validly served and |4the judgment was obtained through ill practices. Davis answered the Petition to Annul on December 13, 2004. Thereafter, Riedlinger, LeBlanc and ACHE filed a motion for summary judgment which sought to vacate the default judgment entered against them. A hearing was scheduled for April 12, 2005.
On April 6, 2005, Davis filed a Motion to Recuse Judge asking that the trial judge be recused from hearing the pending motion for summary judgment in accordance with La. C.C.P. art. 151 B(5). Davis asked that the trial judge be recused in the matter, or that the trial judge in Division “C” of the 24th JDC, where the original petition was filed, be allowed to preside over the matter.
On April 8, 2005, the trial judge denied the motion, indicating it was denied as to the recusal only. Also on April 8, 2005, Davis filed an Order of Transfer, seeking to have the trial judge transfer the matter to Division “C”. The trial judge denied the order on April 21, 2005 and handwrote reasons on the document. He stated that this is a closed record, a judgment of nullity has been granted and no further proceedings are needed unless modified on appeal. He also stated that the Division “C” case and the Division “J” cases are distinct causes of action and involve different issues of law, different evidence, and different issues of fact.
A hearing on the motion for summary judgment was also held on April 12, 2005. Counsel for Riedlinger, LeBlanc and ACI-IE was present, however, counsel for Davis was not present. The trial court issued a written judgment on April 20, 2005. In that judgment, the trial court stated that Davis, through her attorney of record, had been served and Davis had filed no opposition to the motion for summary judgment. The trial court granted the motion for summary judgment and vacated and set aside the March 5, 2003 default judgment in favor of Davis.
Davis filed a' Notice of Intent to Take An Appeal on June 16, 2005. On June 20, 2005, the trial court granted the appeal, but limited to the appeal of the | ^summary judgment signed on April 20, 2005. The trial court further ordered that the supervisory writ notice with regard to the denial of the motion to recuse be denied as untimely.
Riedlinger, LeBlanc & Automobile Club Insurance Company of Missouri filed an Answer to Appeal seeking damages or sanctions from Davis for filing a frivolous appeal. They also seek costs of the trial court proceedings, these appellate proceedings, and attorney’s fees. Appellees argue that Davis’ appeal is procedurally and substantively defective and she is not entitled to a reversal of the judgment denying her motion to recuse the trial judge. Appellees argue Davis filed this appeal for the sole purpose of causing unnecessary delay. For the reasons which follow, we affirm the trial court’s denial of the motion to recuse and affirm the trial court’s grant of the motion for summary judgment in favor of Riedlinger, LeBlanc and Automobile Club Insurance. We also deny Appel-lees’ request for sanctions, costs and attorney’s fees, which they requested in their answer.

DISCUSSION

La. C.C.P. art. 151 B(5) provides that a judge may be recused when he “is biased, prejudiced, or interested in the cause or its outcome or biased or prejudiced toward or against the parties or the parties attorneys to such an extent that he would be unable to conduct fair and impartial proceedings.” La. C.C.P. art. 154:
A party desiring to recuse a judge of a district court shall file a written motion *770 therefore assigning the ground for recu-sation. This motion shall be filed prior to trial or hearing unless the party discovers the facts constituting the ground for recusation thereafter, in which event it shall be filed immediately after these facts are discovered, but prior to judgment. If a valid ground for recusation is set forth in the motion, the judge shall either recuse himself, or refer the motion to another judge or a judge as hoc, as provided in Articles 155 and 156, for a hearing.
Davis’ motion to recuse simply states that defendants “respectfully move to re-cuse the Judge from hearing the pending motion for summary judgment in this | r,matter in accordance with Code of Civil Procedure Article 151 B(5).” No specific grounds for the recusal are stated in the motion, as is required by La. C.C.P. art. 154. The trial judge was not required to recuse himself, or refer the motion to another judge for a hearing since no specific grounds for recusal were stated. Therefore, we find that the trial judge properly denied the motion to recuse without a hearing.
In addition, we find the trial court correctly granted the motion for summary judgment filed by Riedlinger, LeBlanc and Automobile Club Insurance. We also find the trial court correctly proceeded with the hearing on the motion for summary judgment. La. C.C.P. art. 153 provides that a judge has full power and authority to act in a case until he has recused himself or a motion for his recusal has been filed. The motion to recuse was filed on April 6, 2005 and denied on April 8, 2005. The motion for summary judgment was heard on April 12, 2005. The motion to recuse had been properly denied before the hearing on the motion for summary judgment was held. Therefore, the trial judge had full authority to hear the matter and rule on the motion.
The trial court noted that Davis’ counsel made no appearance at the hearing and did not file an opposition to the motion for summary judgment. The trial court then proceeded to grant the summary judgment ordering that the default judgment entered on March 5, 2003 in favor of Davis be vacated and set aside. We first note that the trial court specifically stated in its Order granting Davis an appeal, that it be limited to an appeal of the summary judgment. The Order by the trial court went on to deny the supervisory writ notice regarding the denial of the motion to recuse because it was untimely. Although the trial court limited the appeal to the grant of the summary judgment, Davis failed to address the issue in her appellate brief.
|7Therefore, we affirm the trial court’s grant of the summary judgment in favor of Riedlinger, LeBlanc and Automobile Club Insurance, vacating and setting aside the default judgment of March 5, 2003. We further find that this appeal is not frivolous and, thus, we deny Appellees’ request for sanctions, costs and attorney’s fees.

AFFIRMED.